OCT 2 5 2008

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **VONETTA WILLIAMS** | : | **DOCKET NO. 08-1059** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **CITY OF DERIDDER, ET AL** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court are two motions: (1) "Motion to Dismiss Pursuant to Rule 12(b)(1) and /or Rule 12(b)(6) on Behalf of City of DeRidder, Louisiana" (doc. #4) and, (2) "Motion to Dismiss Pursuant to Rule 12(b)(1) and/or Rule 12(b)(6) on behalf of B.D. Keel & Son Construction, LLC and Dale Keel" (doc. #7). The movers seek to have the claims asserted against them dismissed on the grounds that this Court lacks jurisdiction over the subject matter of the complaint. Alternatively, Defendants maintains that Plaintiff has failed to state a claim under federal law upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). No opposition has been filed against either motion and the time for filing said briefs has lapsed.

## FACTUAL STATEMENT

On or about August 2, 2007, Plaintiff's husband, Timmy Williams, was working with a co-worker, Gus Brooms, installing a sewer line in DeRidder, Louisiana.[1] Mr. Brooms entered a manhole and apparently lost consciousness from lack of oxygen. Mr. Williams entered the manhole to extricate Mr. Brooms; he also lost consciousness. Both men perished.

---

[1] Both men were employed by B.D. Keel & Son Construction, LLC.

Plaintiff filed suit against defendants, the City of DeRidder, Parish of Beauregard, B. D. Keel & Son Construction Co., LLC, and Dale Keel, alleging state law claims of negligence and gross negligence. Plaintiff further pleads that federal question jurisdiction exists based on the alleged violation of 29 CFR 1910.146 ("Permit - Required Confined Spaces"). Plaintiff asserts that this Court has supplemental jurisdiction based on 28 U.S.C. § 1331 (federal question) and may hear and decide the state law claims pursuant to the Court's supplemental jurisdiction in accordance with 28 U.S.C. § 1367.

## **LAW AND ANALYSIS**

Defendants maintain that the instant claims must be dismissed because of lack of subject matter jurisdiction. For a case to "arise under" federal law, the federal question must not only be apparent on the face of a well-pleaded complaint, but plaintiff's cause of action must be created by federal law, or if it is a state law cause of action, its resolution must necessarily turn on a substantial question of federal law, and that federal law in turn must create a private cause of action.[2]

29 CFR 1910.146 is an interpretive regulation of the OSH Act of 1970. It does not create a private right of action against an employer for the violation of its terms.[3] The claims alleged by Plaintiff have no basis to support federal court jurisdiction in this matter, therefore, there is no "federal question" involved and this action must be dismissed.

---

[2] *Nielsen v. Archdiocese of Denver*, 413 F.Supp.2d 1181 (D. Colo. 2006).

[3] *Clary v. Ocean Drilling & Exploration Co.*, 429 F.Supp. 905, 908 (W.D. La. 1977); *Rabon v. Automatic Fasteners, Inc.*, 672 F.2d 1231, 1238 n. 12 (5th Cir. 1982); *George v. Aztec Rental Center, Inc.*, 763 F.2d 184 (5th Cir. 1985); *Stansbury v. Sewell Cadillac-Cheverolet, Inc.*, 2003 WL 260522 (E.D. La.); *Buhler v. Marriott Hotels, Inc.*, 390 F.Supp. 999 (E.D. La. 1974); *Valdez v. Joy Technologies*, 1994 WL 395127 (5th Cir. 1994); *B & B Insulation v. Occupational Safety and Health Review Comm'n*, 583 F.2d 1364 (5th Cir. 1978).

Because the Court finds that we lack subject matter jurisdiction, it is not necessary to address Defendant's alternative arguments for dismissal.

## **CONCLUSION**

Based on the foregoing, the motions to dismiss will be granted and the claims against these defendants will be dismissed.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 28th day of October, 2008.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE